■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIVIAN O'BRIEN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered January 5, 1981, convicting her of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. On the evening of December 23, 1978, defendant, during an altercation, fatally stabbed Frank Catrone, a chronic alcoholic in whose apartment she and her infant son had been living for some two and a half months. Defendant left the apartment where the incident had occurred, without summoning an ambulance or telling anyone of the stabbing, allegedly not realizing that Catrone had been mortally wounded. Upon returning to the apartment, the next afternoon, defendant discovered the body. After consulting with her foster parents, defendant voluntarily went to the police station and made a confession. She raised the defense of justification, alleging that prior to the stabbing, Catrone, who was in a violent and drunken condition, had abused her and threatened her and her infant son. At the trial, defendant's counsel attempted to introduce into evidence the testimony of a witness who had been called by the People at defendant's first trial, which had resulted in a hung jury. The trial court summarily denied defendant's application without conducting a hearing on the unavailability of the witness, as mandated by CPL 670.20 (subd 1). Such disregard of the statutory safeguard was prejudicial to the defendant. In its initial charge to the jury on the defense of justification, the court failed to include any instruction on the defense of a third party or to charge that there is no duty to retreat if a person is threatened in his or her own home (Penal Law, § 35.15, subds 1, 2). Although the court subsequently corrected this in the course of its supplemental charge, rendered pursuant to a request by the jurors for further instructions on the defense of justification, the prior, incomplete instructions were never clearly withdrawn or retracted. The effect of the total charge may have been to confuse the jurors so as to prevent them from adequately applying the correct principles of law. Given the closeness of the issue, any confusion emanating from the court's instructions could have prejudicially contributed to defendant's conviction. Additionally, defense counsel was improperly precluded from questioning defendant with respect to a conversation she had had with the deceased's hospital counselor regarding Catrone's condition upon leaving the hospital. Such testimony bore relevance to defendant's justification defense in that it might have shed light on her state of mind at the time of the commission of the act. It is well settled that "knowledge of aggressive or quarrelsome acts brought to defendant's attention by third parties may be as instrumental in instilling fear as acts personally observed" (*People v White,* 73 AD2d 865). The cumulative effect of these errors was to have deprived defendant of her right to a fair trial. Accordingly, a new trial of this indictment is warranted. Gibbons, J. P., Weinstein, Thompson and Rubin, JJ., concur.