■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE WHITE, Appellant.—Judgment of the Supreme Court, New York County, rendered December 13, 1977, convicting defendant of the crime of assault in the first degree and sentencing him to a term of imprisonment unanimously reversed, on the law, and the case remanded for a new trial. Defendant was charged, in a two-count indictment, with attempted murder in the second degree and assault in the first degree. He was convicted of assault in the first degree. The prosecution arose out of an altercation in the basement of premises at 530 West 157th Street, New York City. One McGregor was the manager of the building of which defendant had been the superintendent, a position which he no longer filled at the time of the occurrence although he continued to occupy the basement apartment. On the day in question McGregor and his son Relton entered the basement allegedly to investigate a fire in the elevator. A dispute arose as a result of which McGregor was stabbed and defendant cut on the leg and otherwise injured. There is substantial controversy over the source of the knife. McGregor contended that it was produced by defendant while defendant asserts that it was in the possession either of Relton or McGregor, and that he first became aware of it when it fell to the ground during the beating which was being administered to him by Relton. At that time he grabbed it and slashed about in the endeavor to defend himself. In the process, McGregor was stabbed. The defense was that of justification (Penal Law, § 35.15) and the jury was instructed accordingly. In the attempt to establish the defense defendant sought to present to the jury Relton's reputation in the community for quarrelsomeness and violence in accordance with the rule long established that upon a trial for assault "the accused, after giving evidence tending to show that he acted in self-defense, may prove that the general reputation of the deceased was that of a quarrelsome, vindictive or violent man and that such reputation has come to his knowledge" prior to the assault *(People v Rodawald,* 177 NY 408, 423). More recently the rule has been expanded "to permit a defendant in a criminal case, where justification is an issue, to introduce evidence of the victim's prior specific acts of violence of which the defendant had knowledge, provided that the acts sought to be established are reasonably related to the crime of which the defendant stands charged" *(People v Miller,* 39 NY2d 543, 551). The reason therefor is to demonstrate the defendant's state of mind at the time of the commission of the act and to present to the jury the sense of fear which impelled him to act as he did. In the endeavor to show the aggressiveness and violence of Relton, defendant was permitted to testify to two specific acts witnessed by him. However, he was precluded from testifying to general reputation as well as specific acts of pertinent conduct of which he acquired knowledge prior to the incident here involved which were conveyed to him by third parties. This was error, for knowledge of aggressive or quarrelsome acts brought to defendant's attention by third parties may be as instrumental in instilling fear as acts personally observed. In a case as close as was this one, such error cannot be said to be harmless. By consequence, a new trial is warranted. Concur—Fein, J. P., Sandler, Sullivan, Bloom and Lupiano, JJ.