■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS GONZALEZ, Appellant. — Judgment, Supreme Court, Bronx County, rendered March 6, 1979, convicting defendant, after a jury trial, of manslaughter in the first degree and sentencing him to an indeterminate term of imprisonment not to exceed 15 years, affirmed. Defendant was accused of manslaughter in the first degree, in that he stabbed to death 18-year-old Miguel Acosta. The background of the incident is as follows: A family dispute developed involving defendant on the one hand, and Miguel Acosta and his brother Luis, on the other. It was agreed that they would continue the dispute outside the family apartment, on the street. Miguel and Luis waited for defendant downstairs, but when he did not show up, entered the apartment building and were informed that defendant had gone upstairs. Miguel walked up the stairs from a second floor apartment, followed by his brother. As Miguel approached the fourth floor landing, defendant appeared from behind the column where he was hiding and stabbed Miguel in the chest. Defendant then chased Luis down to the first floor and slashed at him with his knife before fleeing. Miguel was taken to the hospital where he was pronounced dead on arrival. The cause of death was a single stab wound and this was confirmed by autopsy. At trial, testimony was elicited to the effect that there was no evidence of any other injury, apart from the stab wound. Defendant, testifying in his behalf, alleged that he was afraid of being harmed by Miguel and Luis and that when the two walked up the stairs to attack him, Miguel had a knife and defendant was unarmed. In the scuffle, Miguel was accidentally stabbed. The jury resolved the issue of credibility against the defendant. Defendant stands convicted by virtue of the decedent's brother's unequivocal eyewitness testimony, corroborated by physical evidence and expert testimony. The corroboration was provided by the introduction into evidence of the shirt Luis was wearing on the night of the crime, which serves to cast doubt on defendant's contention that he was not the aggressor and that he did not even have a knife at that time. There was also testimony by the decedent's grandmother that defendant was observed by her picking his nails with an "007 knife" just prior to the incident. This tended to corroborate Luis' testimony. The medical examiner's description of the decedent's body with a single stab wound and no other trace of injury is consistent with Luis' testimony that defendant was lying in wait and ambushed Miguel. Defendant's story of a struggle on the other hand appears incredible. There were no other wounds, bruises or even a scratch on the decedent's body which would indicate that such a struggle took place, and that decedent was hurled to the floor by defendant. Further, defendant's conduct following the stabbing is suggestive of consciousness of

guilt. The People concede that the trial court committed error in utilizing "the ordinary prudent man" standard as the standard for the jury to apply in evaluating defendant's behavior relating to his defense of justification. However, no objection was made to the charge or supplemental charge, and, in any event, the error is harmless in view of the proof of guilt. It is highly unlikely that the outcome of the case was affected by the court's two brief mentions of the ordinary prudent man, because the pivotal issue in this case was the credibility of the witnesses. Defendant's testimony is really suggestive of an accident, not justification. Under these circumstances, it is concluded that the unobjected-to error was not prejudicial. Also, a new trial is not warranted in the interest of justice. The defendant denies a material element relative to the defense of justification, to wit, that he intentionally stabbed the decedent. It is again emphasized that there was no evidence in the record to support the defendant's claim that a struggle preceded the stabbing. Defendant is entitled to a fair trial, not a perfect one. Concur — Kupferman, J. P., Carro, Lupiano, Fein and Lynch, JJ.