■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD DESMOND, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered September 17, 1980, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant's sole defense at trial was that of justification. There was conflicting testimony as to whether or not the decedent had threatened and attacked defendant with a knife. Defendant admitted that he stabbed the decedent. Subdivision 2 of section 35.15 of the Penal Law provides that a person may use deadly physical force upon another person when he reasonably believes that such person is using or is about to use deadly physical force against him and he cannot with complete safety avoid it by retreating. The defendant's state of mind is the crucial fact when the defense of justification is asserted (*People v Miller,* 39 NY2d 543, 551). His subjective belief as to the imminence and seriousness of danger must be reasonable (*People v Miller, supra,* p 548; *People v Governale,* 193 NY 581, 588).

As was observed by Justice Holmes in *Brown v United States* (256 US 335, 343), "[d]etached reflection cannot be demanded in the presence of an uplifted knife". The jury in this case should have been instructed to consider whether defendant's stated claim of justification was reasonable in light of defendant's knowledge of the decedent and the circumstances as they existed at the time of the slaying (see *People v Miller, supra,* p 551). During the course of its charge with respect to justification, the court instructed the jury that "[t]he basic test of reasonableness is what the ordinary prudent man would have done under the same circumstances with the same knowledge and with the same understanding of what was happening". The court erred in enunciating an "ordinary prudent man" standard for the evaluation of defendant's behavior rather than having the jury consider what defendant must have thought (see *People v Gonzalez,* 80 AD2d 543, 544; *People v Griffin,* NYLJ, May 12, 1978, p 5, col 1). That this improper charge may well have had the effect of depriving defendant of a fair trial is further evidenced by the court's comments at sentencing. With respect to defendant's statements of both remorse and justification for his actions, the court stated that "I believe exactly what you say is true, that it is your feeling that you had to do it or you might be the deceased if you hadn't". The court essentially acknowledged that defendant believed his actions were justified by those of the decedent and that the homicide could therefore be justified (cf. *People v Lumsden,* 201 NY 264, 269). Thus, had the jury been properly instructed to find justification even if defendant was not in actual peril of his life if he reasonably believed that he was in such peril (see *People v Taylor,* 177 NY 237, 245), the outcome might well have been different. Although a jury charge must be considered as a whole (*People v Woods,* 41 NY2d 279, 283), the charge with respect to this sole defense was, under the circumstances at bar, so deficient as to require a new trial. Brown, J. P., Niehoff, Rubin and Boyers, JJ., concur.