■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MURIEL LONG, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered March 12, 1982, convicting her of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered.

Defendant's sole defense was that of justification. Although defendant admitted stabbing the decedent, there was conflicting testimony as to how the incident occurred. The decedent's boyfriend testified that the decedent, who was unarmed, got into an argument with defendant because defendant put her hand on the boyfriend's shoulder. He claimed that he led the decedent away to calm her down but that defendant came after them, reaching over his shoulder, and stabbed the decedent. Defendant testified that although she had apologized to the decedent for touching the latter's boyfriend, the decedent threatened to kill her with a knife and backed her up to the locked front door of her apartment building. Defendant further testified that she feared for her life because she knew the decedent could be violent with a knife and, when a friend handed defendant a knife for protection, she swung it once at the decedent. Defendant's testimony that she was being attacked with a knife was corroborated by a defense witness. In a videotaped statement, which she made shortly after her arrest, defendant claimed, as she did at trial, that she had acted in self-defense. However, in that statement she admitted that she had reached over the decedent's boy-

friend's shoulder to inflict the fatal wound, explaining that she hit the decedent who was coming after her with a knife before the decedent could hit her.

Subdivision 2 of section 35.15 of the Penal Law provides that a person may use deadly physical force upon another person when she reasonably believes that such person is using or about to use deadly physical force upon her and she cannot with complete safety avoid it by retreating. The defendant's state of mind is the crucial inquiry when a claim of justification is raised (*People v Miller*, 39 NY2d 543; *People v Wagman*, 99 AD2d 519; *People v Desmond*, 93 AD2d 822). The jury must consider the defendant's subjective belief as to the imminence and gravity of danger and whether that belief was reasonable (*People v Miller, supra; People v Wagman, supra; People v Desmond, supra*). During the course of its charge with respect to justification, the trial court instructed the jury that "the defendant's belief that she was in danger is not enough" and that the critical issue was "[w]hat would an ordinary reasonable person in the defendant's situation be justified in believing?" The court erred in enunciating an "ordinary reasonable person" standard for the evaluation of defendant's conduct, rather than having the jury consider what defendant herself reasonably could have thought (*People v Wagman, supra; People v Desmond, supra*). Although defense counsel failed to object to this portion of the charge, reversal in the interest of justice is warranted under the circumstances. The testimony adduced at trial raised a substantial issue of self-defense (the issue of justification was the primary issue and indeed a close one), and the outcome might well have been different had the jury been properly instructed. Accordingly, we reverse defendant's conviction in the interest of justice.

Furthermore, we note that error was committed when, in the midst of defendant's cross-examination and in response to defense counsel's objection to the form of a question, the court directed the defendant to leave the courtroom and, in her absence, instructed the jury on prior inconsistent statements. A criminal defendant has the right to be present at trial "whenever [her] presence has a relation, reasonably substantial, to the fulness [*sic*] of [her] opportunity to defend against the charge" (*Snyder v Massachusetts*, 291 US 97, 105-106; *People v Ciaccio*, 47 NY2d 431, 436; US Const, 6th and 14th Amdts; NY Const, art I, § 6; CPL 260.10). This right extends to such proceedings as the impaneling of the jury, the introduction of evidence, the summations of counsel, and the court's charge, admonitions, and instructions to the jury (*People v Ciaccio, supra; People v Mullen*, 44 NY2d 1, 4). If the trial court was concerned that defendant

might tailor her testimony were she to hear the instruction, it could have included the instruction in its charge to the jury. By interrupting defendant's cross-examination to explain the concept of prior inconsistent statements after ordering defendant to leave the room, the court, in addition to depriving defendant of her right to be present at all stages of the trial, highlighted the issue and impermissibly undermined defendant's credibility. Since the issue of credibility was critical to defendant's claim of justification, the incident could only have substantially prejudiced defendant's ability to defend the charge against her.

We have considered defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, O'Connor and Lawrence, JJ., concur.