■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON GUTIERREZ, Appellant. — Appeals by defendant (1) from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered March 12, 1981, convicting him of assault in the first degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence, and (2) from another judgment of the same court (Vetrano, J.), rendered November 27, 1981, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Judgment rendered March 12, 1981, modified, on the law, by reversing the conviction of reckless endangerment in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, judgment affirmed.

Judgment rendered November 27, 1981, affirmed.

Defendant was charged with a number of offenses arising out of a shooting incident in a Brooklyn restaurant, in which he killed one individual and seriously wounded a bystander. He asserted that he fired the shots at the deceased in self-defense. Defendant was convicted, after a jury trial, of the offenses of assault in the first degree (reckless assault of the bystander) pursuant to subdivision 3 of section 120.10 of the Penal Law, criminal possession of a weapon in the second degree (Penal Law, § 265.03) and reckless endangerment in the first degree (Penal Law, § 120.25). The jury acquitted defendant of the attempted murder of a third individual who pursued him from the restaurant in an automobile chase and was unable to reach a verdict on the first count of the indictment, murder in the second degree and the lesser included offenses of manslaughter in the first and second degrees, as well as the third count, assault in the first degree (Penal Law, § 120.10, subd 1). Subsequently, defendant entered a guilty plea of the charge of manslaugher in the first degree in full satisfaction of the first and third counts of the indictment after admitting that he was responsible for the fatal shooting of the deceased.

Two trial errors raised by the defense on appeal deserve some comment. First, the instructions delivered by the Trial Judge with respect to defendant's justification defense (see Penal Law, § 35.15) were somewhat deficient in that he failed to adequately emphasize that the prosecution had the burden of disproving the justification defense beyond a reasonable doubt (see *People v Moran,* 84 AD2d 753; *People v Soto,* 38 AD2d 734), and that the jury should evaluate the reasonableness of defendant's belief that the deceased was about to use deadly physical force against him from the standpoint of the defendant's own subjective state

of mind at the time the incident occurred (see Penal Law, § 35.15, subd 2, par [a]; *People v Miller,* 39 NY2d 543, 551; *People v Long,* 104 AD2d 902; *People v Wagman,* 99 AD2d 519, 520; *People v Desmond,* 93 AD2d 822). Nevertheless, these errors were not preserved for appellate review as a matter of law by timely objection at trial (see CPL 470.05, subd 2) and we decline to exercise our discretion to grant defendant a new trial in the interest of justice since there was overwhelming evidence before the jury, including a videotaped confession, both to establish defendant's guilt of the charges of which he was convicted at trial and to rebut his justification defense (see *People v Doctor,* 98 AD2d 780; *People v Gonzalez,* 80 AD2d 543). Defendant wounded the bystander and endangered the other patrons of the restaurant as the result of a use of force that was excessive in relation to any danger that he could have reasonably perceived from the deceased (see *People v Collice,* 41 NY2d 906, 907; *People v Doctor, supra,* p 781; *People v Patterson,* 21 AD2d 356, 360).

Second, during his summation, the prosecutor improperly characterized defendant's testimony explaining his version of the incident as "nonsense" and a "fabrication". Nevertheless, only one of these improper remarks was objected to by defense counsel at trial and we conclude that they constituted harmless error, for reasons similar to those discussed above with reference to the justification charge (see *People v Jones,* 89 AD2d 875).

However, as the People properly concede in their brief on appeal, the crime of reckless endangerment in the first degree (Penal Law, § 120.25) is a lesser included offense of assault in the first degree (reckless assault pursuant to Penal Law, § 120.10, subd 3) (CPL 1.20, subd 37; *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427; *People v Wilson,* 103 AD2d 762; *People v Cheung-Kok Lau,* 88 AD2d 808). Therefore, the judgment rendered March 12, 1981 must be modified by dismissing the charge of reckless endangerment in the first degree, as a verdict of guilty upon the greater count of assault in the first degree is deemed by statute to constitute a dismissal of every lesser included offense submitted to the jury (see CPL 300.40, subd 3, par [b]; *People v Cheung-Kok Lau, supra*).

Finally, the sentences imposed upon defendant are within the statutory limits for the offenses of which he was convicted and do not constitute an abuse of discretion. Weinstein, J. P., Brown, Boyers and Eiber, JJ., concur.