■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MUNGIN, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Tanenbaum, J.), rendered April 22, 1980, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

A review of the record clearly indicates that the defendant's guilt was proven beyond a reasonable doubt. Moreover, no reasonable view of the evidence supports a defense of justification. While the decedent may have provoked the first altercation between the parties, it is undisputed that the defendant was the initial aggressor in the subsequent altercation which resulted in the shooting death of the decedent. The evidence established that following the first altercation between the parties, the defendant went to a friend's house, obtained a shotgun and shells, returned to the scene and sought out the decedent. Even assuming that the decedent did grab for his knife when the defendant approached him with the shotgun in hand, the defendant concededly had the ability to withdraw and retreat from the encounter but instead chose to resort to more than necessary force to allegedly defend himself. In view of these facts, the defense of justification was not available to the defendant as a matter of law (Penal Law, § 35.15, subds 1, 2). That being the case, it follows that the defendant was benefited, not harmed, by the trial court's charge on the issue of justification. Accordingly, he may not claim that the trial court committed reversible error in failing to adequately explain to the jury that the correct standard to be applied in assessing the justification defense is that of the defendant's own subjective belief as opposed to that of an ordinarily prudent man (see *People v Miller,* 39 NY2d 543; *People v Gutierrez,* 105 AD2d 754; *People v Desmond,* 93 AD2d 822).

We have reviewed the other arguments raised by the defendant and find them to be without merit. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.