OPINION OF THE COURT
Martin Schneier, J.
Does a defendant, by not taking the stand, forfeit any claim he may otherwise have to a jury charge on justification?
At a precharge conference, the defendant, Jose Santiago, who had not testified, requested the inclusion of a charge on justification, alleging there had been sufficient evidence presented to warrant such a charge. In opposing the request, the Assistant District Attorney argued that since the defense of justification is based on the defendant’s subjective belief as to the risk of death or injury, and since the defendant did not testify, he is not entitled to a charge on justification.
The defendant is charged, inter alla, with the crimes of assault in the second and third degrees. After one of the two complainants had testified that the defendant had struck him with a gun, the defendant, who did not testify himself, presented the testimony of his common-law wife, Juanita Gonzales. Ms. Gonzales testified that she and the defendant had entered complainants’ apartment. After an argument, the first complainant took out his gun. A struggle ensued, according to the witness, with the second complainant holding his arm around the defendant’s neck. At that point, the defendant grabbed the gun and struck the first complainant.
The defense of justification is not an “affirmative defense” which a defendant must prove by a preponderance of the credible evidence, but rather a “defense” which, once raised, the People must disprove beyond a reasonable doubt (Penal Law §§ 25.00, 35.00). Justification allows a person to use necessary physical force upon another if, inter alla, he reasonably believes the other person is using or about to use unlawful physical force *665 (Penal Law § 35.15 [1]). When justification is raised as a defense, what is crucial is the defendant’s state of mind (People v Wagman, 99 AD2d 519 [2d Dept 1984]), more specifically, the defendant’s subjective belief as to the imminence and seriousness of the danger he faces, and the reasonableness of such belief (People v Desmond, 93 AD2d 822 [2d Dept 1983]).
The defendant here would certainly have been in the best position to testify as to his own beliefs, and those defendants asserting justification generally do testify in their own behalf. But, this court will not elevate such observations into an ironclad rule of law. There are, after all, sources of evidence which may suggest a defendant’s state of mind other than defendant’s direct testimony. In People v Steele (26 NY2d 526 [1970]), the court held that although defendant had raised an alibi defense, he was not barred from a justification charge since the People’s evidence may have supported such a defense and a jury, disbelieving defendant’s alibi might still find, based on the prosecution’s evidence, that the defendant acted justifiably.
Failure to charge the defense of justification, where a reasonable view of the evidence may lead to a finding that the defendant’s actions were justified, constitutes reversible error (People v Padgett, 60 NY2d 142 [1983]). This court finds that such a view exists. Julia Gonzales’ testimony of a two against one struggle during which defendant, while being strangled by one complainant, grabbed the gun from the other and struck him, certainly, if believed, does allow a jury to conclude that the defendant did, in fact, act with justification.
This court thus holds that once a defendant has adequately raised the defense of justification by any reasonable means, he is entitled to a jury charge on justification. There is no additional requirement that he testify.
Accordingly, defendant’s request for a charge on justification was granted.