■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH POWELL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered April 19, 1983, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. No questions of fact have been raised or considered.

Defendant's sole defense at trial was that of justification. Although defendant admitted striking his brother-in-law, Herman Kirkland, with a long stick, there was conflicting testi-

mony as to whether or not Mr. Kirkland had threatened defendant with a hammer. Penal Law § 35.15 (1) provides that a person may use physical force upon another person when and to the extent he reasonably believes such to be necessary to defend himself from what he reasonably believes to be the use or imminent use of unlawful physical force by such other person. The defendant's state of mind is the crucial inquiry when a claim of justification is asserted (*People v Miller*, 39 NY2d 543; *People v Long*, 104 AD2d 902; *People v Wagman*, 99 AD2d 519; *People v Desmond*, 93 AD2d 822). The jury must consider the defendant's subjective belief as to the imminence and gravity of danger and determine whether such belief was reasonable (*People v Miller, supra; People v Long, supra; People v Wagman, supra; People v Desmond, supra*).

During its charge with respect to justification, the trial court in the instant case, over defense counsel's objection, instructed the jury that the test of reasonableness was what the "ordinary, reasonable person in the place of the defendant" would be justified in believing and that the jury should place itself in the defendant's shoes and determine whether an ordinary reasonable person would be justified in believing that he was about to be attacked and that the use of defensive physical force was necessary. The court erred in enunciating an ordinary reasonable person standard for the evaluation of defendant's conduct, rather than having the jury consider what defendant himself reasonably could have thought (*People v Long, supra; People v Wagman, supra; People v Desmond, supra*). Inasmuch as the outcome might well have been different had the jury been properly instructed, the defendant's conviction must be reversed.

We have considered defendant's remaining contention and find it to be without merit. Lazer, J. P., Mangano, Brown and O'Connor, JJ., concur.