■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGG HANLEY and JOHN HANLEY, Appellants.—Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Richmond County (Owens, J.), rendered October 14, 1982 and November 4, 1982, respectively, convicting them of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon jury verdicts, and imposing sentences.

Judgments affirmed.

After a family argument initiated by the brother of the deceased, the defendants allegedly chased the deceased, John Williams, into a fruit store and stabbed him. The victim later died from a hemorrhage in his right chest cavity. The initial

trial resulted in the defendants being convicted of murder in the second degree and criminal possession of a weapon in the fourth degree but, on appeal, this court reversed and ordered a new trial because of Criminal Term's refusal, despite defendants' request, to charge manslaughter in the first degree as a lesser included offense (*see, People v Hanley,* 87 AD2d 850). Following the retrial, defendants were acquitted of murder, but were found guilty of manslaughter in the first degree and criminal possession of a weapon in the fourth degree. They now appeal from the ensuing judgments of conviction on the principal ground that certain alleged errors in the charge (*e.g.,* on justification) deprived them of a fair trial.

As an initial matter, it must be noted that defendants failed to take exception to any portion of the jury charge. Hence, any claimed error therein has not been preserved for our review as a matter of law (CPL 470.05 [2]; *see, People v Fuentes,* 111 AD2d 766; *People v Dee,* 106 AD2d 582; *People v Gutierrez,* 105 AD2d 754; *People v Doctor,* 98 AD2d 780). Nor do we find circumstances present in this case which would warrant our review of the unpreserved claims of error in the interest of justice.

The evidence against defendants consisted, *inter alia,* of testimony that they admitted having killed Williams, including testimony regarding their "slapping each other five, saying that they killed him and Allah was going to get him and get the rest of his family". In defense, John Hanley took the stand and testified, *inter alia,* that upon his entry into the fruit store, Williams "jumped out * * * [with] a knife in his hand", that he (Hanley) picked up a knife only after he could find no rear exit from the store, and that Williams got stabbed "during the course of the [knife] swinging". Hanley denied having ever intended to kill the victim. In light of the evidence, the lines were clearly drawn and the central issue for the jury to resolve was one of credibility. Hence, any error in the justification charge would not have affected the jury's determination, nor operated to deprive defendants of a fair trial (*cf. People v Gutierrez, supra*).

We have reviewed defendants' other contentions and find them either to be unpreserved for review or without merit. Brown, J. P., O'Connor, Weinstein and Rubin, JJ., concur.