THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JOSEPH COMFORT, Appellant.

Fourth Department, December 20, 1985

## APPEARANCES OF COUNSEL

*Moot & Sprague (Joseph Sedita* of counsel), for appellant.

*Kenneth R. Fisher* for respondent.

### OPINION OF THE COURT

BOOMER, J.

The conviction of defendant Joseph Comfort of second degree murder should be affirmed. The court's instruction on the issue of justification was not erroneous. In any event, this issue was not preserved for review as a matter of law and we

fail to see how the instruction was prejudicial to defendant *(see, People v Crosby,* 115 AD2d — [decided Dec. 20, 1985]).

Penal Law § 35.15 (2) (a) provides that a person may use deadly physical force upon another person when *"[h]e reasonably believes* that such other person is using or about to use deadly physical force" (emphasis added). In applying the statute the jury must make a two-step analysis. First, it must determine what defendant believed. It must then determine whether defendant's belief was reasonable. This dual test represents no change in the common law and in the law of this State as it has existed for over 100 years. In *Shorter v People* (2 NY 193, 201), the Court of Appeals stated the rule: "It is not enough that the party believed himself in danger, unless the facts and circumstances were such that the jury can say he had reasonable grounds for his belief" *(see, People v Miller,* 39 NY2d 543, 548: "The defense is only available where the belief of the defendant that he was subject to an imminent attack is a reasonable one"; *see also, People v Rodawald,* 177 NY 408, 427: "The question is not merely what did the accused believe, but also, what did he have the right to believe").

Taken as a whole, the charge of the court fairly informed the jury of this two-step test. The court first read Penal Law § 35.15 including the phrase, "he reasonably believes" and then told the jury: "In making the above determination, you will note that I have used the words that the defendants reasonably believed. I indicated to you that the defendants must reasonably believe that their antagonist is using or is about to use unlawful offensive deadly physical force against them, and it was necessary to use deadly physical force to prevent the attack. The test is what one reasonably believes." Next, in explaining the test of reasonableness, the court said:

"To determine whether the defendants were justified in reasonably believing, you should ask what an ordinary reasonable person in place of the defendants would be justified in believing. You should place yourself figuratively in the shoes of the defendants and determine whether an ordinary reasonable person knowing the facts and circumstances and observing the acts and conduct of the victim would be justified in reasonably believing that the victims, Van Hall and Gorenflo, were using or were about to use offensive deadly physical force against them, and therefore would be justified in reasonably believing that deadly physical force was necessary to defend himself or themselves.

"Now in making a determination as to what the defendants reasonably believed were the facts and circumstances surrounding the encounter, you must examine it in light of what appeared to them, even though it should be later determined they were mistaken."

This is similar to the charge in *People v Ligouri* (284 NY 309, 316-317), which the court said was "applicable in the usual case of self-defense" *(People v Ligouri, supra,* p 317). *See also, Addington v United States* (165 US 184, 186-187), approving the "reasonably prudent person" standard.

The dissent faults the court's charge because it applies an "objective" rather than "the subjective standard required by the statute". The statutory standard, however, is not solely subjective. What the defendant believes is subjective,[1] since it depends upon the state of the defendant's mind. Defendant's subjective belief, however, cannot be the sole criterion in resolving the issue of justification, for such a test would give no effect to the statutory language "reasonably believes". Whether the defendant's belief is reasonable must be determined in light of "universal reason" or, in the language of the time-honored test, from the standpoint "of the ordinary reasonable person" under the same circumstances *(see, People v Ligouri,* 284 NY 309, 316, *supra; Addington v United States,* 165 US 184, 186-187, *supra).*[2]

Thus, we find no error in the charge. But even if the charge were found to be incorrect we would affirm. Defendant made no request for a different charge and failed to object to the charge as given.[3] We may not, therefore, reverse on the law and there is no reason to do so in the interests of justice.

---

1. Webster's New International Dictionary (2d ed) defines subjective as: "Of or pertaining to whatever in experience is conditioned by merely personal characteristics of mind, or by particular state of mind, as opposed to what is determined only by universal reason or the universal conditions of human experience and knowledge.

2. Another defense having both subjective and objective elements is extreme emotional disturbance, which "requires proof of both a subjective element (that defendant did in fact act under the influence of extreme emotional disturbance) and an objective element (that there was reasonable explanation or excuse for the emotional disturbance)." *(People v Moye,* 66 NY2d 887, 890.)

3. The requirement of an objection to the charge under these circumstances "serves a salutary purpose". Defense counsel, having heard the charge as given, is in the best position to know whether, in view of all of the evidence, the charge is prejudicial to his client, and "by objection at that point gives the court the opportunity to correct any error." *(People v Hoke,* 62 NY2d 1022, 1023, n.)

Defendant has failed to demonstrate how he was prejudiced by the court's charge. Defendant has not shown why his belief may be reasonable for him, and not for the ordinary reasonable person.

SCHNEPP, J. (dissenting). The conviction of Joseph Comfort of second degree murder should be reversed in the interest of justice, the sentence therein vacated and a new trial ordered. Justification was defendant's sole defense at trial to the charge that he murdered Trooper Van Hall and a proper charge on that issue was crucial to his receiving a fair trial. In our view, the trial court's charge erroneously emphasized an objective standard of review and deprived defendant of a fair trial.

The majority opinion on this issue fails to distinguish properly between the objective standard charged by the court and the subjective standard required by the statute or to appreciate the prejudice to the defendant's case which results from an erroneous and confusing charge in a close case such as this one.

In our view, there is a meaningful and important distinction between the objective and subjective standards of reasonableness. Proper use of the subjective standard places on the People the burden of disproving defendant's claim that *his* belief as to the imminence and gravity of danger was a rational response to the facts, regardless of whether the ordinary reasonable person would interpret events the same way. This standard has long been the basis for examining claims of self-defense *(see, e.g., People v Miller,* 39 NY2d 543; *People v Governale,* 193 NY 581, 588; *People v Swinson,* 111 AD2d 275; *People v Santiago,* 110 AD2d 569; *People v Macon,* 110 AD2d 718; *People v Long,* 104 AD2d 902; *People v Wagman,* 99 AD2d 519; *People v Green,* 98 AD2d 908; *People v Desmond,* 93 AD2d 822). Consequently, there can be no question that the use of a subjective standard is required and that "[t]he court erred in enunciating an 'ordinary reasonable person' standard for the evaluation of defendant's actions, rather than having the jury consider what defendant himself thought" *(People v Wagman,* 99 AD2d 519, 520, *supra).*

The evidence concerning the initial shooting of Van Hall was sufficient to show Joseph Comfort's intent to kill the trooper, but not strong enough to permit the conclusion that a properly instructed jury would have rejected his claim of self-defense. The testimony adduced at trial raised a substantial

issue of self-defense "and the outcome might well have been different had the jury been properly instructed." *(People v Long,* 104 AD2d 902, 903, *supra.)* Accordingly, reversal of the conviction for second degree murder is warranted in the interest of justice *(see, People v Macon,* 110 AD2d 718, *supra; People v Long, supra; People v Wagman,* 99 AD2d 519, *supra; People v Jenkins,* 93 AD2d 868; *People v La Susa,* 87 AD2d 578; *People v Flores,* 75 AD2d 649; *People v Fuller,* 74 AD2d 879).

O'DONNELL, J., concurs with BOOMER, J; DOERR, J. P., concurs on the constraint of *People v Crosby* (115 AD2d — [decided Dec. 20, 1985]); PINE and SCHNEPP, JJ., dissent and vote to reverse defendant Joseph Comfort's conviction of murder, second degree, and grant a new trial in an opinion by SCHNEPP, J.