■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN YOUNG, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered October 2, 1980, convicting him of assault in the second degree, criminal possession of stolen property in the third degree and unauthorized use of a vehicle, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The People established defendant's competence to stand trial by a preponderance of the evidence *(see, People v Santos,* 43 AD2d 73), as a review of the record reveals that despite defendant's hearing impairment, he had sufficient ability to consult with his lawyers with a reasonable degree of rational understanding, and he had a rational as well as factual understanding of the proceedings against him *(see,* CPL 730.10; *Dusky v United States,* 362 US 402; *People v Francabandera,* 33 NY2d 429). Defendant's main defense at trial was that of justification. Penal Law § 35.15 (1) provides that a person may use physical force upon another person when and to the extent he reasonably believes such to be necessary to defend himself or a third person from what he reasonably believes to be the use of unlawful physical force by such other person. The defendant's state of mind is the crucial inquiry when a claim of justification is asserted *(see, People v Miller,* 39 NY2d 543; *People v Powell,* 112 AD2d 450; *People v Long,* 104 AD2d 902). His subjective belief as to the imminence and seriousness of danger must be reasonable *(see, People v Miller, supra; People v Wagman,* 99 AD2d 519).

The trial court erred in instructing the jury to evaluate the reasonableness of defendant's belief in light of what an "ordinary prudent man" would have believed under the circumstances. Nevertheless, the error of law was not preserved for appellate review by timely objection at trial *(see,* CPL 470.05 [2]) and we decline to exercise our discretion to grant defendant a new trial in the interest of justice since there was overwhelming evidence before the jury both to establish defendant's guilt and to rebut his justification defense *(see, People v Hanley,* 112 AD2d 1048; *People v Doctor,* 98 AD2d 780).

Defendant's remaining contentions, insofar as they were

preserved for our review, are without merit. Thompson, J. P., Bracken, Weinstein and Eiber, JJ., concur.