■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVAN R. BORDEN, Appellant. [785 NYS2d 528]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered April 15, 2002, convicting him of assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that he possessed a weapon or that he intended to cause serious physical injury to the victim is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The trial court properly refused to charge the jury on reckless endangerment in the first degree and assault in the second degree as lesser-included offenses of the charge of assault in the first degree. Reckless endangerment in the first degree (*see* Penal Law § 120.25) is not a lesser-included offense of assault in the first degree (*see* Penal Law § 120.10 [1]; *People v Moloi*, 135 AD2d 576, 577 [1987]; *cf. People v Gutierrez*, 105 AD2d 754, 755

[1984]). Moreover, the defendant failed to show that a reasonable view of the evidence would support a finding that he committed the crime of assault in the second degree, but not assault in the first degree (*see People v Heide,* 84 NY2d 943, 944 [1994]; *People v Glover,* 57 NY2d 61, 63 [1982]).

The sentence imposed was neither harsh nor excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Florio, J.P., H. Miller, S. Miller and Spolzino, JJ., concur.