■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR GUTIERREZ, Appellant. [790 NYS2d 493]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Copertino, J.), rendered December 3, 2001, convicting him of murder in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that he could only have been convicted of intentional murder (*see* Penal Law § 125.25 [1]) and that the evidence was legally insufficient to support a conviction of depraved indifference murder (*see* Penal Law § 125.25 [2]; *People v Payne,* 3 NY3d 266 [2004]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]), and we decline to reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; [6] [a]).

Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt of murder in the second degree and assault in the third degree was not against the weight of the evidence (*see People v Gaimari,* 176 NY 84, 94 [1903]).

The defendant's claim that his right to counsel attached before he made his statements to law enforcement authorities is without merit. First, the intervention of an attorney at 12:30 P.M. was made not on behalf of the defendant specifically but rather, was made on behalf of all those being held at town hall. The defendant was not among them. Second, by that hour, the defendant had made all of his incriminating statements concerning the decedent. The admission of any statements he made after that hour were harmless beyond a reasonable doubt (*see People v Crimmins,* 36 NY2d 230, 237 [1975]; *People v Wilkinson,* 5 AD3d 512, 514 [2004]). Thus, it is unnecessary to determine whether the attorney, intervening at the request of no one on the defendant's behalf specifically, was actually authorized to represent him (*see generally People v Grice,* 100 NY2d 318, 324 n 2 [2003]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Schmidt, J.P., Santucci, Crane and Skelos, JJ., concur.