■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEPERRY FORE, Appellant. [826 NYS2d 289]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered December 11, 2002, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the defendant presented a justification defense to the charge of murder in the second degree. The defendant's contention that the trial court improperly prevented him from eliciting evidence with respect to the victim's reputation for violence is without merit. A defendant charged with a homicide may introduce, in support of his claim of self-defense, evidence that the victim was a " 'quarrelsome, vindictive or violent' " person, or of prior specific acts of violence committed by the victim, of

which the defendant had knowledge, provided that the acts sought to be established were reasonably related, in time and quality, to the crime for which the defendant was charged (*People v Miller*, 39 NY2d 543, 548-549, 551 [1976], quoting *People v Rodawald*, 177 NY 408, 423 [1904]; *see People v Santiago*, 211 AD2d 734, 734 [1995]). "[E]vidence that the deceased generally had a poor reputation in the community is not admissible lest a jury find a homicide justifiable for the wrong reason—i.e., that the deceased was unworthy of life" (*People v Miller, supra* at 550-551). "The defendant's state of mind is the crucial inquiry when a claim of justification is asserted" (*People v Powell*, 112 AD2d 450, 451 [1985] [citations omitted]).

Here, the defendant presented no proof as to whether he was aware, at the time of the shooting, of the facts he sought to introduce, and thus the evidence thereof was not material to his justification defense (*see People v Pizzaro*, 184 AD2d 448, 449 [1992]). Additionally, the evidence sought to be introduced was ambiguous, and pointed to a generally poor reputation, not to a reputation for violence in the community (*see People v Miller, supra* at 551). Moreover, the defendant was able to present evidence as to his state of mind and his fear of the decedent at the time of the shooting, which is the "crucial inquiry" in a claim of justification (*People v Powell, supra* at 451).

The defendant's contention in his pro se brief that the evidence was legally insufficient to support his conviction of murder in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]), and we decline to reach it as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]; [6] [a]; *People v Grant*, 17 AD3d 695, 696 [2005]; *People v Gutierrez*, 15 AD3d 502, 503 [2005]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention does not require reversal. Miller, J.P., Crane, Santucci and Luciano, JJ., concur.