| People v Perez |
|:---:|
| 2023 NY Slip Op 34681(U) |
| May 25, 2023 |
| Supreme Court, Westchester County |
| Docket Number: Indictment No. 70539-21 |
| Judge: James A. McCarty |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

        -against-

REINALDO PEREZ,
                Defendant.
-----------------------------------------------------------------X

MCCARTY, AJSC

DECISION & ORDER
Indictment No.: 70539-21

MAY 2 6 2023

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Legacy№ 6/7/21

Reinaldo Perez ("the defendant") was charged under the within indictment number with two counts of assault in the first degree and one count of criminal possession of a weapon in the third degree. On February 8, 2023, the defendant was convicted, upon jury verdict, of the lesser included crime of assault in the second degree and criminal possession of a weapon in the third degree. Defendant moves through the instant motion, filed pursuant to New York State Criminal Procedure Law ("CPL") Article 330, for an order setting aside the verdict of guilty entered against him on grounds that, during his trial, this court erroneously excluded the testimony of certain defense witnesses. The People oppose the defendant's application in its entirety.

In consideration of the within motion, this Court has read and considered the following: *Notice of Motion, Affirmation of Daniel Harnick, Esq. and Memorandum of Law and Affirmation in Opposition of Jonathan Strongin, Esq. and Memorandum of Law.*

Relevant Procedural History

On February 8, 2023, a jury convicted the defendant of assault in the second degree and criminal possession of a weapon in the third degree. During the trial, the defendant advanced a claim of self-defense. In connection with same, the defendant testified on his own behalf.

In sum and substance, the defendant testified that during the afternoon of July 20, 2021, he had a chance encounter with Matthew Johnson at Snowden Park in the Village of Ossining (County of Westchester). By the defendant's account, Johnson stated "yeah bitch" to the defendant's wife and a verbal dispute between the two ensued. The defendant acknowledged that he had not recognized Matthew Johnson, but that his wife did and informed the defendant that Matthew Johnson was "bitter" about an issue Johnson previously had with her sister's relative, Joshua James. The defendant testified that Matthew Johnson escalated the verbal exchange by displaying a box cutter. Matthew Johnson disputes this occurrence.

According to the defendant, during the following day or evening, he coincidentally came upon the defendant Matthew Johnson's car parked at the housing complex on Croton Avenue where his daughter's godparents reside and decided to write a note to Matthew Johnson. Therein, the defendant falsely claimed to have hit Matthew Johnson's car and provided a phone number where he could be reached. On the morning of July 22, 2021, Matthew Johnson found the note and called the number provided to report he did not see any damage to his car. The defendant,

1

who did not identify himself as the individual from Snowden Park, insisted that he would come over to point out the alleged damage, and within minutes, he arrived. Rather than parking in the lot, the defendant elected to park on a nearby side street and enter the complex on foot through a chain link fence.

Matthew Johnson testified that the defendant was armed with a machete and immediately attacked him with it causing him to suffer, *inter alia*, a severed ulna bone, a severed ulnar artery, and severed tendons and nerves which required medical intervention and hospitalization. Despite contradictory testimonial and blood spatter evidence, the defendant testified he approached Johnson unarmed and only retrieved the machete, which he purchased after the Snowden Park encounter, after Matthew Johnson chased him to his car with a bat raised in a threatening position.

In support of the self-defense claim, the defendant testified he was "not fully aware of anything" but, based on conversations he heard between his wife and her sister, he knew there had been issues with Matthew Johnson that had turned physical (Trial Transcript, February 11, 2023, p. 5). In particular, he referenced "prior incidents" and "physical confrontations" between Joshua James and Matthew Johnson and between Delroy James and Matthew Johnson (*Id.*, p. 31). The defendant did not provide a timeframe for or any additional details about these events, nor did he testify as to the effect, if any, his knowledge of these incidents had on him in connection with the actions he took on July 22, 2022.

Upon the completion of the defendant's testimony, the People requested an offer of proof with respect to five additional witnesses the defense intended to call. The defense indicated the defendant's wife would testify about the events that occurred at Snowden Park and about specific incidents that she was aware of that purport to demonstrate Matthew Johnson's alleged propensity for violence. The defendant also wanted to call Joshua James, Delroy James, Tiara Holbrook, and Rahshonia Douglas. The People objected to the proffered character and reputation evidence on grounds that the defendant had not testified, or offered any evidence which established that, at the time the charged offenses were committed, the defendant was aware of specific prior acts of violence allegedly committed by Matthew Johnson or his propensity to commit acts of violence.

Wanting to permit the defendant to present his chosen defense, this court exercised its discretion and offered the defense an opportunity to recall the defendant for the purpose of meeting the evidentiary foundation required to admit character and reputation evidence. Contrary to the defense's present claim, this court did not promise the defense a particular outcome and certainly never promised every defense witness would be permitted to testify. Regardless, after conferring with counsel outside the earshot of the court and opposing counsel, the defendant elected to return to the stand to amplify his testimony.

During re-examination, the defendant testified that he was in fear of the defendant on July 22, 2022 based on his knowledge of specific prior incidents involving Matthew Johnson. One incident, which was indicated to have occurred approximately two years earlier, involved an incident in which Matthew Johnson punched Joshua James and the second involved a physical altercation between Matthew Johnson and Delroy James. The defendant testified he was aware of each incident as he had heard his wife and her sister discuss them.

2

Upon the completion of the defendant's testimony, the defense called his wife to the stand. She testified as to her observations of the event at Snowden Park and testified as to her knowledge of each of the above discussed events involving physicality on the part of Matthew Johnson. Further, the defendant's wife confirmed that she had discussed each with her sister in the defendant's presence. The court declined to allow the defense to call Joshua James and Delroy James, each of whom was anticipated to provide first-hand accounts of their encounters with Matthew Johnson. The court also declined to allow the defense to call Tiara Holbrook, who had been a source of information about the alleged incidents concerning Matthew Johnson and Joshua James and Delroy James, and Rahshonia Douglas, who was expected to testify about an incident at a party or picnic more than one year earlier during which Matthew Johnson became visibly agitated but did not engage in physicality.

Through the instant motion, the defendant contends the court's determinations constitute error requiring that the verdict rendered against him be set aside.

## Findings of Law

CPL § 330.30[1] directs that, at any time after a guilty verdict is announced and prior to sentence, a defendant may move to set aside or modify the verdict on "[a]ny ground appearing in the record, which raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgement as a matter of law by the an appellate court" (CPL § 330.30[1]). To establish error within the meaning of the law, the defendant must show that the trial court abused its discretion as a matter of law (*People v. Morris*, 21 NY2d 588, 597 [2013]). It is insufficient to demonstrate that "a contrary determination could have been made or would have been reasonable" (*Id.*).

The defendant's contention, that this court erred by refusing to permit him to call Joshua James, Delroy James, Tiara Holbrook, and Rahshonia Douglas as witnesses on his behalf, is erroneous. Under New York State Law where, as here, a defendant asserts a claim of self-defense, the defendant is entitled to introduce "evidence of the victim's prior specific acts of violence of which the defendant had knowledge" (*People v. Miller*, 39 NY2d 543 [1976]; *People v. Fore*, 33 AD3d 932 [2d Dept. 2006]). So too, it is error for the court to preclude testimony of a victim's general reputation for violence or as to a specific act of violence perpetrated by the victim of which the defendant is aware (*People v. White*, 73 AD2d 865 [1st Dept. 1980]). "The defendant's state of mind is the crucial inquiry when a claim of justification is asserted" (*People v. Fore*, 33 AD3d 932 [2d Dept. 2006] citing *People v. Powell*, 112 AD2d 450, 451 [1985](internal citations omitted)).

Upon the facts of the instant case, the court properly allowed the defendant and his wife to testify as to incidents in which Matthew Johnson allegedly acted violently toward Joshua James and Delroy James. Such determination was appropriate to the extent a record was made that the defendant was aware of these incidents at the time he assaulted Matthew Johnson in the vicinity of the Croton Avenue apartment complex (*see, Miller*, 39 NY2d 543).

Nevertheless, and contrary to the defendant's present claims, this court providently disallowed the testimony of Joshua James and Delroy James. Neither witness was an eyewitness to the assault at Croton Avenue. Each was anticipated to testify to provide details of instances of

[* 3]

Matthew Johnson's alleged violent nature. However, it is "[t] he defendant's state of mind is the crucial inquiry when a claim of justification is asserted" (*People v. Fore*, 33 AD3d 932, 933 [2d Dept. 2006], citing, *People v. Powell*, 112 AD2d 450, 451 [1985](internal citations omitted)). The court permitted the defendant and his wife to testify as to the details of the prior specific acts of violence committed by Matthew Jackson of which the defendant was aware. It would have been improper for the court to have permitted Joshua James and Delroy James to testify to first-hand details of instances of Matthew Johnson's alleged violent or quarrelsome behavior which exceeded the scope of the defendant's knowledge of them at the time he committed the charged assault (*see, Miller*, 39 NY2d 543 (rendering admissible evidence of a victim's prior specific acts of violence to be admitted "*of which the defendant had knowledge*")(emphasis added); *see also, White*, 73 AD2d 865(permitting testimony relating to a victim's general reputation for violence or as to specific acts of violence perpetrated by the victim *of which the defendant is aware*)(emphasis added).

The court's ruling was particularly appropriate in this case to the extent that Matthew Johnson was not convicted, let alone charged, in connection with either incident about which Joshua James and Delroy James were prepared to testify. Further, Matthew Johnson was not conceding the commission of these events. Consequently, if the court had permitted Joshua Jams and Delroy James to testify, this would have created a significant potential for a "trial within a trial" and jury confusion. Furthermore, to the extent the defendant and his wife each testified about the violent incidents Matthew Johnson allegedly committed against Joshua James and Delroy James, their testimony would have been cumulative. "Testimony is properly precluded as cumulative when it would neither contradict nor add to that of other witnesses" (*People v. Brown*, 57 AD3d 238, 239 [2008]).

Further, this court properly precluded the testimony of Tiara Holbrook. Ms. Holbrook was not an eyewitness or fact witness to the event at Snowden Park or the assault in the vicinity of Croton Avenue. The defense sought to call Ms. Holbrook to testify about Matthew Johnson's alleged acts of violence toward Joshua James and Delroy James. The defendant and his wife had each already testified to the details of these events as to which they were aware. This court is imbued with discretion to prohibit cumulative testimony (*see generally, People v. Carter*, 37 NY2d 234 [1975]). Ms. Holbrook would not have been permitted to testify to additional details relating to the incidents between Matthew Johnson and Joshua James or Delroy James since, as above discussed, evidence concerning prior violent incidents of the complainant or victim is permissible only to the extent of the defendant's knowledge (*see, Miller*, 39 NY2d 543; *see also, White*, 73 AD2d 865).

Finally, this court properly excluded the testimony of Rahshonia James. The defense indicated an intention to call Ms. James to testify about an incident that occurred at a party or picnic held approximately two years prior to the Croton Avenue assault at which Matthew Johnson allegedly became verbally agitated before being convinced to leave the event. Under the law, only those prior violent acts and evidence relating to a reputation for violence which are "reasonably related in time and quality to the crime for which the defendant [is] charged" are admissible (*People v. Fore*, 33 AD3d 932). Consequently, the event about which Rahshonia James was prepared to testify is inadmissible and properly excluded.

4

[* 4]

Upon the foregoing, the herein defendant has neither established error nor that this court abused its discretion as a matter of law (*Morris*, 21 NY2d at 597). Consequently, the defendant's motion, for an Order setting aside the verdict as to his convictions for assault in the second degree and criminal possession of a weapon in the third degree, is denied.

The foregoing constitutes the Decision, Judgment and Order of the court.

Dated: White Plains, New York
May 25, 2023

Hon. JAMES A. McCARTY
Acting Supreme Court Judge

Hon. J. McCarty

cc:    MIRIAM E. ROCAH
       District Attorney, Westchester County
       111 Dr. Martin Luther King Jr. Boulevard
       White Plains, New York 10601
       Attention:    ADA Jonathan Strongin

       DAN HARNICK, ESQ.
       Attorney for Defendant
       345 Bronx River Road, Apartment 4D
       Yonkers, New York 10704

       CLERK OF THE COURT

5

[* 5]