■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY SANTIAGO, Appellant.

Defendant stood trial on an indictment charging him with the intentional murder of Richard Klyvert, committed by stabbing the deceased in the chest with a knife. At trial defendant interposed a defense of justification. The testimony at trial conflicted as to who initiated the struggle between defendant and the deceased and as to some of the details of the fight. There was also testimony introduced that the deceased had a known reputation for violence. Defendant himself so testified, stating that he was aware of the deceased's boast that he could kill with his bare hands. Suffice it to say, then, that the justification issue, including the critical element of defendant's state of mind, was of central importance in this case, requiring that the court carefully and correctly instruct the jury as to the elements of that defense. The charge given here, however, was patently incorrect and under these facts constitutes reversible error.

Over defense counsel's objection, the court below charged concerning the mental element of self-defense as follows:

"You should place yourselves figuratively in the shoes of the defendant and determine whether an ordinary, reasonable man, knowing the facts and circumstances and observing the acts and conduct of the decedent as you found such circumstances and conduct to be, would be justified in reasonably believing that the decedent was using or about to use offensively deadly physical force against him, and would be justified in reasonably believing that defensive deadly physical force was necessary to defend himself.

"If by applying such test, you determine that an ordinary, reasonable man would be justified in so reasonably believing, then you should find the defendant was justified in so reasonably believing." It is beyond dispute that the court erred by charging the application of the ordinary reasonable person test.

Penal Law § 35.15 (2) (a) provides that a person may use deadly physical force when he reasonably believes he is being threatened with an imminent risk of serious physical injury. Thus, it is the defendant's reasonable belief in the imminence of a life-threatening situation, not an ordinary and reasonable person's belief, which must guide the jury in determining whether defendant was justified in responding to such a threat with deadly force. (*People v Miller,* 39 NY2d 543, 548; *People v Wagman,* 99 AD2d 519, 520.) Accordingly, instructions which substitute the objective standard for the more stringent subjective one have been held to be error. (*People v Wagman, supra.*) Because the court enunciated the erroneous objective standard for determining the reasonableness of defendant's action, and because of the clear prejudice to the defense occasioned by the charge, the judgment is reversed and a new trial ordered. In light of this reversal, it is unnecessary for the court to address defendant's other contentions. Concur — Murphy, P. J., Ross, Carro and Kassal, JJ.