■ The People of the State of New York, Respondent, v Jonathan Crosby, Appellant.—Judgment affirmed. Memorandum: Viewing the trial court's entire charge on the defense of justification, we find that it was without reversible error. One may be justified in using deadly physical force upon another if he "reasonably believes that such other person is using or about to use deadly physical force" (Penal Law § 35.15 [2] [a]). The defense is only available where the belief of the defendant that he was subject to an imminent attack is a reasonable one *(People v Miller,* 39 NY2d 543, 548). The court's charge tracked the statute and made it clear that it was defendant's perception of events that was critical to his claim of justification *(see, People v Miller, supra).* We find no prejudice to the defendant arising from the court's explanatory reference to the "ordinary reasonable person" *(cf. People v Santiago,* 110 AD2d 569; *People v Wagman,* 99 AD2d 519). Moreover, defendant took no exception to the charge as given.

We have reviewed the other issues raised on appeal and find them to be without merit.

All concur, except Doerr, J., who dissents and votes to reverse and grant a new trial, in the following memorandum.

Doerr, J. (dissenting). I respectfully dissent. The defense version of the events leading to the assault indicated that the victim was the aggressor and pulled a knife before defendant struck him with a brick. Thus, the justification issue, including the critical element of defendant's state of mind, was of central importance in this case, "requiring that the court carefully and correctly instruct the jury as to the elements of that defense" *(People v Santiago,* 110 AD2d 569). The court charged concerning the mental element of self-defense as follows: "[s]o ask yourself, what would an ordinary, reasonable person in defendant's situation as they *[sic]* found it to be, as it existed out there on Jefferson Avenue, what—what would an ordinary, reasonable person in that situation be justified in believing? Place yourself in the shoes in *[sic]* the people out there on Jefferson Avenue and determine whether a reasonable person, knowing the facts as you find them, would be justified; and what would he be justified in reasonably believing? What would be justified under the circumstances as you find them to be? Would he be justified in believing that he was being or about to be attacked? And was he justified in—in defending against that attack?"

During the course of deliberations, the jury again requested the charge on the law of justification to which the court

responded: "a reasonable belief exists when evidence or information which appears reasonable discloses facts or circumstances which will permit a person of ordinary intelligence and experience to believe that something is or is not so. So, you might ask yourself, what would an ordinary person in defendant's situation be justified in believing under the circumstances as they existed at the time and place of the encounter?"

Penal Law § 35.15 (2) (a) provides that a person may use deadly physical force when he reasonably believes he is being threatened with an imminent risk of serious physical injury. The jury must consider the defendant's subjective belief as to the imminence and gravity of danger and whether this subjective belief was reasonable *(People v Miller,* 39 NY2d 543; *People v Santiago, supra,* p 570; *People v Wagman,* 99 AD2d 519, 520). The charge, as given, imposed an erroneous, objective "ordinary, reasonable person" standard for determining the reasonableness of defendant's actions. Because this case presented a close question on the issue of justification, there is a probability that the court's erroneous charge created substantial prejudice to the defendant. In my view, interests of justice require that the judgment be reversed and a new trial be granted. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—assault, first degree, and another charge.) Present—Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ.