■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MONTANEZ, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered December 13, 1983, convicting defendant, after a jury trial, of assault in the third degree (Penal Law § 120.00 [1]) and sentencing him to a term of three years' probation, unanimously reversed, on the law, and the indictment dismissed, without prejudice to further proceedings.

Defendant was tried on an indictment which charged him with assault in the first degree and criminal possession of a weapon in the fourth degree. At trial, he interposed a defense of justification. At the close of the case, the People requested that the second count of the indictment for criminal possession of a weapon in the fourth degree not be submitted to the jury. As a result, the case went to the jury on the remaining count in the indictment for assault in the first degree and, as lesser included offenses, assault in the second and third degrees. As to each of the crimes, the Trial Justice instructed the jury with respect to the defense of justification or self-defense, charging that, "A person may use deadly physical force upon another to defend himself or someone else from what he reasonably believes to be the use or imminent use of deadly physical force by such other person." Over defense counsel's objection, the court instructed the jury as follows:

In deciding the issue of reasonableness of the defendant's belief, it is important for you to remember that reasonableness is not based upon what the defendant actually believed or even what you would have believed under the circumstances, nor is it necessary that the defendant in fact was in danger of imminent death or serious physical injury.

"The test is what a reasonable and prudent man would have believed under the same circumstances. Would a reasonable and prudent man under the circumstances as you determine them to be have believed that Pedro Lopez was using or about to use imminent deadly physical force against the defendant or the other person in this case, Indio."

The court's instructions improperly substituted an objective test for the less stringent subjective standard required by Penal Law § 35.15. Under the statute, the critical factor to be determined by the jury on the issue of justification is whether the defendant reasonably believed the use of physical force or deadly physical force was necessary under the circumstances and in accordance with the statute, not whether a reasonable prudent man would share the belief.

In *People v Santiago* (110 AD2d 569), we held that a charge which similarly substituted an objective standard for the subjective one required by the statute was reversible error since, clearly, there was resulting prejudice. We recognized in *Santiago* that "it is the defendant's reasonable belief in the imminence of a life-threatening situation, not an ordinary and reasonable person's belief, which must guide the jury in determining whether defendant was justified in responding to such a threat with deadly force [citations omitted]." *(Supra,* at p 571, citing, *inter alia, People v Wagman,* 99 AD2d 519, 520.) Under the circumstances, taking into account the significance of the issue of credibility, especially in view of the conflicting account of the street confrontation offered by complainant, in contrast to that testified to by defendant, we find the error was prejudicial and violated the defendant's fundamental right to a fair trial.

Ordinarily, such a finding would require reversal and remand for a new trial. However, inasmuch as defendant was acquitted of assault in the first degree, the only count in the indictment at this point (the criminal possession count not having been submitted to the jury), further prosecution on that charge is barred under principles of double jeopardy. Thus, there is no pending charge which would support remand for another trial under that accusatory instrument. *(See, People v Gonzalez,* 61 NY2d 633, 635; *People v Mayo,* 48 NY2d 245, 253; *People v Contreras,* 108 AD2d 627, 629.) We may not order a new trial on the lesser included offense of assault in the third degree since no pending charge remains to support further criminal prosecution under the indictment. In addition, assault in the third degree is a misdemeanor and, accord-

ingly, there is no felony charge to be re-presented to another Grand Jury. Concur—Milonas, Kassal, Rosenberger and Ellerin, JJ.

Sandler, J. P., concurs in a separate memorandum as follows: I acknowledge that the dispositive issue on this appeal is controlled by the court's recent decision in *People v Santiago* (110 AD2d 569), and accordingly join the court in reversing defendant's conviction. I concur separately because of my doubts as to the correctness of the principle set forth in the memorandum opinion in *Santiago,* and here reaffirmed, and because I believe the question of sufficient importance to merit a more detailed judicial analysis than it has so far received.

Penal Law § 35.15 (2) provides in pertinent part with respect to the defense of justification:

"A person may not use deadly physical force upon another person * * * unless:

"(a) He reasonably believes that such other person is using or about to use deadly physical force."

This section embraces two separate elements. The first is whether the defendant in fact believed that the other person was "using or about to use deadly physical force." Assuming that the defendant in fact had such a belief, the second is whether the belief was reasonable.

The trial court's charge in *Santiago (supra)* included a variation of an instruction that many Trial Judges had come to use in an effort to provide juries with a standard by which to determine the reasonableness of a defendant's belief that the other person was "using or about to use deadly physical force". Thus the trial court instructed the jurors to place themselves " 'in the shoes of the defendant and determine whether an ordinary, reasonable man, knowing the facts and circumstances and observing the acts and conduct of the decedent as you found such circumstances and conduct to be, would be justified in reasonably believing that the decedent was using or about to use offensively deadly physical force against him' " (110 AD2d, at p 570). Essentially the same instruction, albeit in a somewhat less satisfactory form, was given to the jury in this case. Following the view expressed by the Second Department in *People v Desmond* (93 AD2d 822) and *People v Wagman* (99 AD2d 519), this court concluded in *Santiago* that the instruction was incorrect, and constituted prejudicial error, because it substituted an objective standard for a subjective one. In my opinion the instruction in *Santiago,* although susceptible of improvement, was essentially correct.

Implicit in the memorandum opinion in *Santiago (supra)* and the other decisions which have come to the same conclusion is the view that a jury could correctly determine that a defendant might "reasonably believe" that the other person was "using or about to use deadly physical force" although an ordinary, reasonable man in the defendant's position, and observing the facts and circumstances from the standpoint of the defendant, would not have entertained such a belief. Neither the memorandum opinion in *Santiago* nor any of the other cases reaching the same conclusion has undertaken to explain the process by which such divergent results could occur.

Upon analysis I have come to think that an understanding of the underlying issue presented has been complicated by a failure to distinguish between two very different sets of circumstances. I readily agree that an individual may have had life experiences that would make it reasonable for him to believe in a particular situation that another person was "using or about to use deadly physical force", although a reasonable man without such experiences would not have formed such a belief. If, for example, someone had previously been the victim of an assault, or even had been a witness to an assault, it is conceivable in a particular fact setting that this experience would have led the person reasonably to perceive a danger where another person might not have perceived a danger. Similarly, someone who by reason of illness, disability or physical frailty is less able than the average person to defend himself in an altercation, or is more vulnerable to sustaining a serious physical injury, might reasonably perceive an intent to use deadly physical force where another would not. In addition, someone who suffers from a physical disability affecting his sensory perception, such as an extremely near-sighted person, might perceive as threatening actions which in fact are not.

None of these circumstances affects the essential correctness of the *Santiago* instruction, which directed the jurors to place themselves "in the shoes of the defendant", a direction which logically would embrace circumstances of the kind just described. In a case that presented evidence of such circumstances, it would clearly be appropriate for the instruction to be amplified to make clear to the jury that these matters were to be considered in evaluating whether a reasonable man in the defendant's position would have believed that the person was "using or about to use deadly physical force."

The underlying issue in this area seems to me whether or

not an individual who as a matter of personality or temperament is quicker than the average person to sense danger has a right to have his claim of justification for the use of deadly physical force determined on the basis of his aberrational evaluation of the situation. The prevalent judicial opinion appears to answer that question in the affirmative, although none of the authorities so concluding has addressed the issue directly. I disagree with this view for two reasons.

First, it seems to me that the word "reasonable" in the statute is divested of its obvious and intended meaning if its application is to vary with the idiosyncratic features of each individual defendant's personality, and if a special dispensation in fact is to be given for the use of deadly physical force to those who are unusually quick to perceive the danger of violence and, as experience suggests, are more prone to use violence themselves. Second, I think the view that has been adopted imposes at least in theory an inappropriate burden on juries to evaluate the personality structures of individual defendants in order to determine the reasonableness of their actions. I use the words "in theory" because I believe that in reality juries not instructed in accordance with the *Santiago* charge, or a variation of it, will in the usual case apply the statutory language in accordance with the principles of that instruction, with the single qualification that jurors, understandably regarding themselves as reasonable, will normally evaluate what occurred in terms of how they themselves would have perceived the situation.

I should add that there appears to be no evidence in this case that the defendant suffers from a personality aberration which would have made it inappropriate to evaluate his conduct by the standard of an ordinary, reasonable man even if the so-called subjective standard were to be adopted, nor so far as I can tell was there any such evidence in the *Santiago* case *(supra)*. Accordingly, I fail to see how the instruction given in *Santiago,* a somewhat less satisfactory variation of which was given here, would constitute prejudicial error.

Notwithstanding that which I have said in regard to the instruction, I am comfortable with the result that has been reached in this case. This is one of those unusual cases which left me with very strong doubts as to whether the jury's verdict was in fact justified by the evidence.