■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK COLBY, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting defendant of manslaughter in the second degree (Penal Law § 125.15 [1]), defendant's primary claim is that the trial court erred in its charge on the law of justification by instructing the jury to use an objective standard. We reject this claim because we find the charge in this case indistinguishable from the trial court's charge in *People v Comfort* (113 AD2d 430) and *People v Crosby* (115 AD2d 988). We have considered defendant's remaining claim and find it without merit. (Appeal from judgment of Erie County Court, Dillon, J.—manslaughter, second degree.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES EDWARD BROWN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of burglary in the first degree (two counts), assault in the second degree, and escape in the second degree.

Defendant contends that he was denied effective assistance of counsel due to his attorney's waiver of a *Wade* hearing and his failure to show that defendant's arrest was without a warrant or probable cause. We disagree. Counsel's failure to request a hearing without more does not constitute a basis for finding ineffectiveness *(People v Eddy,* 95 AD2d 956, 957). Further, although defense counsel might have used different tactics and strategies on these issues, defendant was not denied meaningful representation *(People v Satterfield,* 66 NY2d 796). We have considered defendant's other contentions and find them without merit. (Appeal from judgment of Monroe County Court, Bergin, J.—burglary, first degree, and another offense.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.