■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. SAPP, Appellant.—Judgment unanimously affirmed. Memorandum: The court did not err in refusing to charge manslaughter in the second degree (Penal Law § 125.15 [1]) as a lesser included offense of intentional murder (Penal Law § 125.25 [1]). Viewed in the light most favorable to defendant *(People v Martin,* 59 NY2d 704, 705), the evidence showed that defendant shot the decedent three times, twice as he was attempting to flee from defendant. While these facts support an inference of intentional conduct, they do not reasonably support an inference of reckless conduct *(see, People v Massey,* 148 AD2d 943, *lv denied* 74 NY2d 743). In the absence of a reasonable view of the evidence that defendant committed the lesser, but not the greater, crime, there was no error in refusing defendant's request *(see, People v Green,* 56 NY2d 427, 430, *rearg denied* 57 NY2d 775). Moreover, there was legally sufficient evidence to support the defendant's conviction for manslaughter in the first degree. Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), there is a valid line of reasoning and permissible inferences which could lead a rational person to the same conclusion as the jury *(see, People v Bleakley,* 69 NY2d 490). Defendant's intent may be inferred from the surrounding circumstances *(see, People v Jackson,* 18 NY2d 516, 520) and in these circumstances, the jury was justified in rejecting a defense of justification and determining that the People had disproved the defense beyond a reasonable doubt *(see, People v Crosby,* 115 AD2d 988, *lv denied* 67 NY2d 941). Finally, defendant's conviction for manslaughter in the first degree was not contrary to the weight of evidence *(see, People*

*v Bleakley,* 69 NY2d 490, *supra).* The evidence belies defendant's claim of justification and the verdict of manslaughter in the first degree cannot be said to be against the weight of evidence.

We have examined defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Ontario County Court, Henry, Jr., J.—manslaughter, first degree.) Present—Boomer, J. P., Green, Pine, Davis and Lowery, JJ.