People v Ferguson (2019 NY Slip Op 08016)





People v Ferguson


2019 NY Slip Op 08016


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


773 KA 16-02103

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SARAH FERGUSON, DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered September 1, 2016. The judgment convicted defendant upon a nonjury verdict of manslaughter in the first degree, assault in the first degree (two counts) and gang assault in the first degree (two counts). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Oneida County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting her upon a nonjury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]), two counts of assault in the first degree (§ 120.10 [1]), and two counts of gang assault in the first degree (§ 120.07). The conviction stems from the prolonged beatings of two teenage victims that occurred at the Word of Life Christian Church (Word of Life) in New Hartford, New York. Defendant, a member of the Word of Life at the relevant time, is the half-sister of the victims, i.e., decedent Lucas Leonard and his brother, Christopher Leonard. Following a service that concluded at approximately 9:00 p.m. on the night in question, the pastor of the church along with other Word of Life members confronted Lucas and Christopher about accusations that they had sexually abused defendant's children. Defendant and other Word of Life members then began beating Lucas and Christopher with a number of items, including a power cord, periodically over a span of nearly 14 hours. Medical treatment was not sought for Lucas until around noon the following day and, by the time Lucas was taken to a hospital, he was dead. Christopher survived, but sustained swelling and bruises on his face, arms, chest, genitals, and thighs as a result of blunt force trauma to those areas. Christopher also suffered a 50% loss of kidney function, which required treatment at an intensive care unit over a period of two days.
Defendant contends that her conviction of each offense is based on legally insufficient evidence of intent to cause serious physical injury. Defendant's contention is not preserved for our review inasmuch as her motion for a trial order of dismissal was not " specifically directed' at the alleged error" asserted on appeal (People v Gray, 86 NY2d 10, 19 [1995]). In any event, defendant's challenge lacks merit because "there is a valid line of reasoning and permissible inferences which could lead a rational person to the same conclusion as the [factfinder]" (People v Sapp, 163 AD2d 835, 835 [4th Dept 1990], lv denied 76 NY2d 990 [1990]). "It is well settled that [a] defendant may be presumed to intend the natural and probable consequences of his [or her] actions . . . , and [i]ntent may be inferred from the totality of conduct of the accused" (People v Meacham, 151 AD3d 1666, 1668 [4th Dept 2017], lv denied 30 NY3d 981 [2017] [internal quotation marks omitted]; see People v Mahoney, 6 AD3d 1104, 1104 [4th Dept 2004], lv denied 3 NY3d 660 [2004]). Here, defendant's intent was "inferable from the nature and fatal outcome of the beating that [s]he inflicted on [Lucas]" (People v Novak, 179 AD2d 1053, 1054 [4th Dept 1992], lv denied 79 NY2d 922 [1992]), as well as "the surrounding circumstances[] and the medical evidence" relating to both victims (People v Wise, 46 AD3d 1397, 1399 [4th Dept 2007], lv denied 10 NY3d 872 [2008] [internal quotation marks omitted]; see People v White, 216 AD2d 872, 873 [4th Dept 1995], lv denied 86 NY2d 805 [1995]). Notably, the [*2]evidence established that defendant, and only defendant, struck Lucas and Christopher in their groins, and that she struck them more times overall than anyone else who was involved. Although defendant repeatedly claimed that she did not put "much thought" into what she was doing and that she did not have a "thought process," she also acknowledged that she purposefully struck Lucas and Christopher in their groins specifically because she believed that they had sexually abused her children. Thus, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (see People v Williams, 158 AD3d 1170, 1170-1171 [4th Dept 2018], lv denied 31 NY3d 1018 [2018]; People v Nafi, 132 AD3d 1301, 1302 [4th Dept 2015], lv denied 26 NY3d 1147 [2016]). Contrary to defendant's related contention, "the possibility that [her] conduct also might have been deemed consistent with a reckless state of mind" does not establish that her conviction of manslaughter in the first degree is based on legally insufficient evidence because "[t]here is no contradiction in saying that a defendant intended serious physical injury, and was reckless as to whether or not death occurred" (People v Ramos, 19 NY3d 133, 136 [2012]; see People v Trappier, 87 NY2d 55, 57 [1995]). Furthermore, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We also reject defendant's contention that she was denied effective assistance of counsel. Inasmuch as we have concluded that defendant's contentions regarding the legal sufficiency of the evidence lack merit, it cannot be said that defense counsel's failure to preserve those contentions for review constitutes ineffective assistance of counsel (see People v Washington, 60 AD3d 1454, 1455 [4th Dept 2009], lv denied 12 NY3d 922 [2009]; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
We similarly reject the contention of defendant that the grand jury proceeding was defective. It is well settled that "[a] grand jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law," and "[d]ismissal of an indictment under CPL 210.35 (5) is an exceptional remedy that should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (People v Roblee, 126 AD3d 1429, 1429 [4th Dept 2015], lv denied 27 NY3d 1005 [2016] [internal quotation marks omitted]). Upon our review of the expert testimony presented and the limiting instructions issued during the grand jury proceeding, we conclude that defendant failed to meet her burden of establishing "the existence of defects impairing the integrity of the . . . proceeding and giving rise to the possibility of prejudice" (People v Wood, 291 AD2d 824, 824 [4th Dept 2002], lv denied 98 NY2d 657 [2002] [internal quotation marks omitted]).
Defendant further contends that this matter should be remitted for a conference or summary hearing to determine what information should be redacted from the presentence report. We agree, and we note that the People do not oppose remittal for that purpose. The record establishes that defendant sent a letter to County Court objecting to certain portions of the report, including references to her failure to cooperate with law enforcement and to her invocation of her right to counsel. At sentencing, the court acknowledged the objections and indicated that it agreed with some, but not all, of them. The court, however, failed to articulate which portions should be redacted. Accordingly, because "defendant was not properly afforded an opportunity to challenge the contents of the presentence report" (People v James, 114 AD3d 1312, 1312 [4th Dept 2014]), we hold the case and remit the matter to County Court for further proceedings in accordance with our decision.
To the extent that defendant contends that she is entitled to be resentenced based on the alleged errors in the presentence report, we reject that contention inasmuch as there is no indication that the court relied on the alleged improper information contained in the report in sentencing her (see People v Gibbons, 101 AD3d 1615, 1616 [4th Dept 2012]; People v Paragallo, 82 AD3d 1508, 1509-1510 [3d Dept 2011]). Contrary to defendant's further contention, the sentence is not unduly harsh or severe. Finally, defendant's contention that the sentence constitutes cruel and unusual punishment is unpreserved for appellate review, and we decline to address it as a matter of discretion in the interest of justice (see People v Pena, 28 NY3d 727, 730 [2017]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court