■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTO GONZALEZ, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered June 15, 1988, which, after a jury trial, convicted defendant of the crime of criminal possession of a controlled substance in the first degree (Penal Law § 220.21) and which sentenced him to an indeterminate prison term of from 15 years to life, is unanimously affirmed.

By Bronx County indictment number 4291, filed September 9, 1986, a Grand Jury charged defendant with the crimes of criminal possession of a controlled substance in the first (Penal Law § 220.21) and third (Penal Law § 220.16) degrees.

At trial, the People's evidence consisted primarily of the testimony of New York City Police Officers Michael Greaney and Roger Monaco. In substance, these officers testified that, a little after midnight on August 29, 1986, they were in uniform on routine anticrime patrol in an unmarked car, when they received and responded to a "radio run" of "shots fired" at 1204 Gilbert Place (premises) in Bronx County, which is a known drug location. Further, those officers testified that, upon their arrival at the scene, they observed the defendant rapidly exiting the premises, holding an aqua-colored tee-shirt in his hand, and as soon as he saw the officers, defendant crouched down behind a car which was parked in front of those premises. Officer Greaney testified, in pertinent part, "maybe a second or two went by, [defendant] got up, proceeded to run—at which time I was right behind him; I grabbed him. My partner [Officer Monaco] was * * * a couple of steps away [and he] picked [up] the aqua colored tee-shirt, put it on the trunk of the car * * * opened it up, and there [were] two clear plastic bags".

During the trial, the parties stipulated that, if the police chemist had been called as a witness, he would have testified that the plastic bags contained a substance which after a chemical analysis, was determined to be 4¼ ounces, plus three-quarter grains, of cocaine.

In response, defendant testified, in substance, that he never possessed an aqua-colored tee-shirt or the cocaine recovered by the officers.

The jury convicted defendant of the crime of criminal possession of a controlled substance in the first degree.

The only contention defendant makes on appeal is that he was denied the effective assistance of counsel at both the pretrial and trial proceedings.

Following our review of the record, we find no merit to that contention, since defense counsel provided meaningful representation to the defendant at the pretrial and trial proceedings, in accordance with the definitions of same, as set forth in *People v Rivera* (71 NY2d 705, 708-709 [1988]). We stated in *People v Gonzalez* (80 AD2d 543, 544 [1st Dept 1981], *lv denied* 53 NY2d 842 [1981]) that "[d]efendant is entitled to a fair trial, not a perfect one".

Accordingly, we affirm. Concur—Ross, J. P., Asch, Kassal, Wallach and Smith, JJ.