■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DOCTOR, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered February 3, 1981, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. In instructing the jury with regard to defendant's asserted defense of justification (Penal Law, § 35.15), the trial court committed several errors. With regard to the degree of force reasonably necessary to repel a homicidal attack, the trial court several times erroneously referred to the standpoint of an "ordinary reasonable man" in defendant's situation, thereby substituting an external, objective standard for the correct one, which is the extent to which *defendant* reasonably believed deadly physical force to be necessary to defend himself (cf. *People v Desmond,* 93 AD2d 822). However, the trial court, in the course of this portion of the charge, also accurately stated several times the correct legal standard, including a verbatim reading of the statutory language. In light of the fact that the correct instructions predominated over the incorrect ones, we find that the charge as a whole adequately conveyed the proper law to the jury (see *People v Woods,* 41 NY2d 279).

Further, in light of the extreme violence of defendant's actions, it is difficult to conclude that the jury could have found them to be justified under either standard, and we therefore also hold that any error was harmless beyond a reasonable doubt (see *People v Crimmins,* 36 NY2d 230). In this regard, we note, finally, that defendant failed to except to these instructions at trial (see *People v Gonzalez,* 80 AD2d 543). The trial court also instructed the jury incorrectly with regard to the standard to be applied to the possibility of retreat, stating several times that the jury should determine whether defendant "could have retreated" with complete safety, thereby again articulating an external, objective standard, in contrast to the statute, which requires a defendant to retreat *"if he knows* that he can" do so with complete safety (Penal Law, § 35.15, subd 2, par [a]; emphasis supplied; cf. *People v La Susa,* 87 AD2d 578). However, on the facts of this case, assuming, *arguendo,* that the jury found that decedent's apartment was not also defendant's "dwelling", and retreat, if known to him to be possible, was therefore required, the error was also harmless beyond a reasonable doubt (see *People v Crimmins, supra*). Whether or not the apartment was in fact defendant's "dwelling" at the time of the crime, defendant had lived there, together with decedent and their children, for several years prior thereto, so that there can be no reasonable contention that there were any actual, objective means of retreat from the apartment which were unknown to him. Thus, under the circumstances, the incorrect charge could not have induced the jury to find that defendant could have retreated by some means of which he was not aware. We also note that no exception was taken thereto (cf. *People v Gonzalez, supra*). The trial court also failed to comply with the mandate of CPL 300.10 (subd 3), which provides: "3. Where a defendant has raised the defense of lack of criminal responsibility by reason of mental disease or defect, as defined in subdivision one of section 30.05 of the penal law, the court must, without elaboration, instruct the jury as follows: 'A jury during its deliberations must never consider or speculate concerning matters relating to the consequences of its verdict. However, because of the lack of common knowledge regarding the consequences of a verdict of not responsible by reason of mental disease or defect, I charge you that if this verdict is rendered by you there will be hearings as to the defendant's present mental condition and, where appropriate, involuntary commitment proceedings.' " Defendant, however, also failed to take exception to this omission. Since, in our opinion, the People succeeded in disproving defendant's defense of lack of criminal responsibility by reason of mental disease or defect beyond a reasonable doubt, the error was equally harmless (see *People v Crimmins, supra*). With regard to defendant's remaining contentions, we find, first, that the People succeeded in disproving beyond a reasonable doubt defendant's defense of justification. In light of the extreme violence of defendant's reaction to the attack by decedent, it is simply inconceivable that defendant could reasonably have believed such a murderous action to be necessary to defend himself under the circumstances. Second, there was no reasonable view of the evidence which could have supported a finding that defendant had committed manslaughter in the second degree (Penal Law, § 125.15), but not the greater degrees of homicide, and the trial court therefore correctly declined to charge it as a lesser included offense (see CPL 300.50, subd 1; *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427). Finally, the sentence of 4 to 12 years' imprisonment imposed by the trial court was not inappropriate under the circumstances (see *People v Suitte,* 90 AD2d 80). Mangano, J. P., O'Connor, Weinstein and Brown, JJ., concur.