THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN R. KINITSKY, Appellant.

Second Department, August 15, 1986

## APPEARANCES OF COUNSEL

*Alan R. Kinitsky, pro se,* and *David Pomerantz* for Alan R. Kinitsky, appellant.

*John J. Santucci, District Attorney (Michael O'Brien* of counsel), for respondent.

**OPINION OF THE COURT**

BRACKEN, J.

CPL 300.10 imposes upon the trial court in a criminal case a mandatory duty to deliver a charge to the jury containing certain required instructions. In particular, in a case where the lack of the defendant's criminal responsibility by reason of mental disease or defect has been raised, the court is obliged to deliver a specific charge, in language prescribed in the statute, on the consequences of a verdict of not responsible by reason of mental disease or defect (CPL 300.10 [3]). We hold that the trial court's failure to have delivered the required charge in this case constituted reversible error and, therefore, we reverse the judgment and order a new trial.

At the trial of this indictment, the fact that the defendant had caused the death of his parents was not in dispute, and the principal issues for the jury's determination were whether he lacked criminal responsibility because of mental disease or defect *(see,* Penal Law former § 30.05) or whether he had acted under the influence of extreme emotional disturbance *(see,* Penal Law § 125.25 [1] [a]). The defense counsel requested that the trial court instruct the jury, in substance, that in the event the defendant was found not guilty by reason of the "insanity" defense, he would not be released but would be dealt with further pursuant to law. The court denied this request, and the defense counsel noted his exception to the ruling.

The trial court's refusal to deliver the requested instruction constituted reversible error. CPL 300.10 (3) provides, in pertinent part:* "3. Where a defendant has raised * * * lack of criminal responsibility by reason of mental disease or defect * * * the court *must,* without elaboration, instruct the jury as follows: 'A jury during its deliberations must never consider or speculate concerning matters relating to the consequences of its verdict. However, because of the lack of common knowledge regarding the consequences of a verdict of not responsible by reason of mental disease or defect, I charge you that if this verdict is rendered by you there will be hearings as to the defendant's present mental condition and, where appropriate, involuntary commitment proceedings' " (emphasis added).

Because lack of criminal responsibility by reason of mental

---

* The statute was amended, effective November 1, 1984 *(see,* L 1984, ch 668, § 8), but that amendment is not applicable to the issues raised on this appeal.

disease or defect was raised in this case, the foregoing statute imposed upon the trial court a mandatory obligation to recite to the jury the language contained therein.

CPL 300.10 (2), which immediately precedes the subdivision in question, provides that upon request of a defendant who did not testify, the court *must* charge the jury that it may not draw an unfavorable inference from the defendant's failure to testify. It is now settled that because the language of CPL 300.10 (2) is mandatory, the refusal to deliver a "no inference" charge, when duly requested, constitutes reversible error per se and is not susceptible to harmless error analysis *(People v Vereen,* 45 NY2d 856, 857; *People v Britt,* 43 NY2d 111, 113). In *Britt,* the Court of Appeals stated: "We would be remiss if we did not honor the mandate of our Legislature. So unequivocal a directive may not be swept aside by invoking harmless error analysis" *(People v Britt, supra,* at p 115). Moreover, in reversing the Appellate Division, First Department's determination that the failure to deliver the "no inference" charge was harmless error, the court relied in part upon the language of the dissenting opinion of Justice Birns at the Appellate Division: " '[I]t is difficult to accept a judicial view that the word "must" in one sentence of the section of the Criminal Procedure Law under consideration, has a different meaning than the word "must" in another sentence in the same section' " *(People v Britt, supra,* at p 114, quoting from dissenting mem at App Div [Birns, J.], 52 AD2d 812, 813).

In our view, the foregoing principles apply with equal force to the Legislature's use of the word "must" in CPL 300.10 (3). Therefore, just as the failure to give a "no inference" charge when required (i.e., when requested by a nontestifying defendant) is reversible error, the failure to give the charge as to the consequences of a verdict of not responsible by reason of mental disease or defect, when required (i.e., where the defendant's lack of criminal responsibility by reason of mental disease or defect is raised), must also be viewed as reversible error.

We distinguish *People v Doctor* (98 AD2d 780) from the instant case in that, in *Doctor,* no objection was taken to the failure to deliver the charge as prescribed in CPL 300.10 (3) and, therefore, the error was not preserved as a matter of law for appellate review (CPL 470.05 [2]). Further, we declined to review the error in the exercise of our discretion in the interest of justice (CPL 470.15 [6]), because of the nature of the People's evidence offered to disprove the "insanity de-

fense" beyond a reasonable doubt *(People v Doctor, supra,* at p 781). In this case, however, the appropriate charge was duly requested by the defense counsel in a timely fashion and the refusal to so charge was also the subject of objection. Thus, clearly, the error was preserved as a matter of law for our review (CPL 470.05 [2]).

Because there must be a new trial, we need not address the remaining contentions raised by the defendant.

MANGANO, J. P., GIBBONS and THOMPSON, JJ., concur.

Judgment of the Supreme Court, Queens County, rendered December 21, 1982, reversed, on the law, and new trial ordered.