■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN KINITSKY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered April 25, 1988, convicting him of manslaughter

in the first degree (two counts), upon a jury verdict, and imposing two consecutive indeterminate terms of 7 to 21 years' imprisonment.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed on two counts of possession of a weapon in the fourth degree; as so modified, the judgment is affirmed.

The defendant's contention that the trial court improperly charged the jury on his defense of mental disease or defect has not been preserved for appellate review (see, CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 251). In any event, the claim is without merit, inasmuch as the court's instructions clearly distinguished the meanings of the terms "know" and "appreciate" as they were used in Penal Law former § 30.05 (currently Penal Law § 40.15).

With regard to the court's failure to instruct the jury in accordance with the requirements of CPL 60.55 (2), which holds that statements made to a psychiatrist or psychologist by a defendant are inadmissible on any issue other than the defendant's mental state at the time of the acts in question, at no point in the trial did defense counsel ever request such a charge. The issue is therefore unpreserved for appellate review (see, CPL 470.05 [2]; *People v Doctor,* 98 AD2d 780; *People v Maula,* 138 AD2d 307; *cf., People v Kinitsky,* 119 AD2d 159; *see generally, People v Autry,* 75 NY2d 836; *People v Udzinski, supra).* In any event, the error was clearly harmless under the facts of this case. The defendant testified in his own defense and admitted to the killings of both his parents, giving a detailed account of the incident. Given this fact, none of the statements testified to by the psychiatric experts as having been made by the defendant added anything to the proof of the charges that he in fact committed the crimes in question. There is therefore no significant probability that, but for the court's failure to instruct the jury in accordance with CPL 60.55 (2), the jury would have concluded that the defendant had not committed the crimes charged (see, *People v Crimmins,* 36 NY2d 230, 242).

The Medical Examiner's testimony concerning the lack of a "maniacal stab wound pattern" on the victims' bodies was properly admitted (see, *People v Smith,* 59 NY2d 156, 168). The evidence indicated that the witness had specialized in forensic pathology for some 25 years, and the issue was clearly one involving professional knowledge not within the range of ordinary training or intelligence (see, *Selkowitz v County of*

*Nassau,* 45 NY2d 97, 101-102). The defense counsel had every opportunity to impeach and cross-examine this expert witness *(see, People v Cronin,* 60 NY2d 430, 432).

We note that the jury's failure to return a verdict on the two weapons counts constituted an acquittal on each of those counts *(see,* CPL 310.50 [3]).

We have examined the defendant's other contentions, and find them to either have been unpreserved for appellate review or without merit. Bracken, J. P., Brown, Kunzeman and Sullivan, JJ., concur.