■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. BARNES, JR., Appellant.—Judgment unanimously affirmed. Memorandum: From our review of the record, we conclude that the verdict was supported by legally sufficient evidence and was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Further, because defendant failed to object to the court's instruction on the affirmative defenses of extreme emotional disturbance and insanity, any errors in the charge have not been preserved for our review and we decline to reach them as a matter of discretion in the interest of justice *(see,* CPL 470.15). Additionally, although those instructions could have been better phrased, reversal would not be warranted because the jury, hearing the whole charge, was given the correct rule to apply in considering those defenses *(see, e.g., People v Canty,* 60 NY2d 830, 831-832).

Defendant also failed to preserve for our review the trial court's failure to instruct the jury pursuant to CPL 60.55 (2) and we decline to reach that error in the interest of justice *(see, People v Kinitsky,* 166 AD2d 456, *lv denied* 77 NY2d 840). In any event, any error was harmless because defendant conceded at trial that he committed the double homicide and, therefore, there is no reasonable probability that, but for this error, the jury would have found that defendant did not

commit the crimes charged *(see, People v Crimmins,* 36 NY2d 230; *People v Kinitsky, supra).*

We also find no merit to defendant's contention that the trial court's admission, over objection, of the People's psychiatrist's testimony constituted reversible error. Although it would have been preferable for the psychiatrist not to have referred to Penal Law § 40.15 in giving his expert opinion, we find no abuse of discretion in the trial court's admission of that testimony *(see, People v Cronin,* 60 NY2d 430, 433). We further find no merit to defendant's contention that the trial court erred in prohibiting him from introducing testimony through a third party that, two to three months before the slayings, decedent Bucher had on three occasions told defendant of her infidelities. Defendant sought the introduction of that evidence to establish his mental state at the time of the homicides. That evidence was properly excluded because it was too remote. In any event, even if the witness's testimony was improperly excluded, such error was harmless because there was no reasonable probability that, but for the exclusion of that evidence, the jury would have acquitted defendant *(see, People v Crimmins, supra).*

We have reviewed the remaining contentions raised by counsel and defendant, *pro se,* and find them to be without merit. (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Murder, 2nd Degree.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.