■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v INGRID CARRERO, Appellant. [606 NYS2d 750] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered September 18, 1990, convicting her of robbery in the first degree (two counts), robbery in the

second degree, assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the course of a robbery committed by the defendant and her coperpetrator, the defendant shot the complainant in the face. At her trial, the defendant tried to prove that at the time of the robbery she lacked the capacity to know that her conduct was wrong. The psychiatrists called by the defense and the People testified with regard to incriminating statements made by the defendant in connection with her participation in the crime as well as certain exculpatory statements she made to the effect that she did not intend to shoot the complainant.

On appeal, the defendant claims that the trial court committed reversible error when it failed to instruct the jury, pursuant to CPL 60.55, that her statements to the psychiatrists could only be used to evaluate her insanity defense and could not be considered in its determination of her guilt. This issue is not preserved for appellate review since the defendant never requested this charge and did not except to the charge as given (see, People v Kinitsky, 166 AD2d 456; People v Barnes, 175 AD2d 626). Furthermore, it appears that the defendant's failure to request this charge may have been a trial strategy to allow the jury to use the defendant's exculpatory statements in assessing her guilt, without the need for the defendant to take the stand. This strategy appears to have been successful, since the defendant was acquitted of attempted murder. In any event, any error was harmless in light of the overwhelming evidence of the defendant's guilt.

The defendant's sentence is not excessive (see, People v Suitte, 90 AD2d 80). Her remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Miller and Lawrence, JJ., concur.